IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CELLSPIN SOFT, INC., § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> NIKE, INC., § <br> § <br> *Defendant.* § <br> § | Case No. 2:22-cv-0455-JRG-RSP |

## **MEMORANDUM ORDER**

Before the Court, defendant Nike, Inc., moves to transfer pursuant to 28 U.S.C. § 1404(a) to the Northern District of California ("NDCA") or in the alternative to the District of Oregon. **Dkt. No. 12**. Having considered the motion, it is **GRANTED**.

### I.   BACKGROUND

Plaintiff Cellspin Soft, Inc. ("Cellspin") filed its Complaint on November 23, 2022 asserting U.S. Patent Nos. 8,738,794; 8,892,752; and 9,749,847 ("the Asserted Patents") against numerous Nike products referred to collectively as "Nike Adapt Wearable." The instant Motion, Dkt. No. 12, was filed on January 27, 2023 and is fully briefed. Dkt. No. 19 ("the Response"); Dkt. No. 21 ("the Reply"); Dkt. No. 25 ("the Sur-reply").

### II.   LEGAL STANDARD

A federal district court may transfer a case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). The question of whether a suit "might have been brought" in the transferee forum encompasses

1

subject matter jurisdiction, personal jurisdiction, and propriety of venue. *Id.* at 203. Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer of the case. See *Id.*; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). The burden to prove that a case could have been brought in the transferee forum falls on the party seeking transfer. See *Volkswagen II*, 545 F.3d at 315; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). Once the moving party has established the instant case could have been brought in the transferee forum, the Court moves on to consider the private and public factors provided in *Volkswagen I*.

The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Id.* Although the plaintiff's choice of forum is not a separate factor, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314-15; *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020)

2

(applying Fifth Circuit law). While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. *See Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

### III.   ANALYSIS

#### A.   Whether the Case Could have been Brought in NDCA

Nike contends that the instant action could have been brought in NDCA, Motion at 12-13, which Cellspin does not refute. *See* Reply, Sur-reply.

#### B.   Private Interest Factors for NDCA Transfer

##### i.   Ease of Access to Sources of Proof

The "relative ease of access to sources of proof" factor concerns "documents and other physical evidence." *Apple*, 979 F.3d at 1339. "The location of evidence bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence is physical in nature." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022) (citing *Volkswagen II*, 545 F.3d at 316–17). However, the Federal Circuit has instructed that the Court must "consider[] the location of document custodians and location where documents are created and maintained" even when documents are in electronic format or available via the cloud. *In re Google LLC*, No. 2021-

3

178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021). In so far as the Court can reconcile the two approaches to documentary evidence, this Court will weigh physical evidence in favor of its actual location, will credit identified document custodians, and the creation and maintenance of records in favor of the holding venue, and otherwise give less weight to electronic documentary evidence.

Cellspin generally argues that this factor is neutral because "evidence is dispersed across multiple venues – including Oregon, California, Washington, and even as far away as Italy." Response at 8. Further, Cellspin argues that most documentary evidence is comprised of source code in a digital format which can be transferred electronically. *Id.* Defendant identifies three bases for weighing this factor in favor of transfer: (1) the named inventors of the Asserted Patents, (2) Cellspin's headquarters in NDCA, and (3) various third-party companies. Reply at 5; Motion at 15.

First, Defendant attempts to attribute weight to third-party witnesses under an assumption that they are likely to have documentary evidence. *Id.* This Court notes that without further specificity as to what relevant documentary or physical evidence is possessed by these third-party witnesses, it is difficult for the Court to determine weight for purposes of this factor. However, as the third-party witnesses themselves are relevant to other factors in this analysis, namely the second and third private factors, they are discussed below. However, any evidence located in Washington and Oregon would weigh somewhat in favor of transfer to NDCA.

Second, Defendant argues that "any Cellspin documents and virtually all evidence regarding the Asserted Patents will be located in the NDCA." Motion at 15. This assertion is predicated on Cellspin being headquartered in NDCA. Defendant additionally identifies Sigma and Synapse as developers of the accused instrumentalities that are "likely to have evidence

4

regarding those products." Motion at 15. Defendant includes in its exhibits landing pages for these two companies, placing their offices in Washington for Sigma and Seattle or San Francisco for Synapse. Motion Exs. 12-18, 12-19. Plaintiff argues that since the bulk of the relevant evidence is source code, the electronic nature of the evidence would render that evidence neutral for this factor. Response at 8. Defendant in Reply urges that the proper consideration for this factor is, outside the purported physical evidence discussed above, document custodians and where the documents were created and maintained. Reply at 5. These facts also weigh somewhat in favor of transfer.

Finally, Defendant urges that Plaintiff has not identified relevant evidence in this district, weighing in favor of transfer. Response at 15; Reply at 5. While this alone does not shift the weight in favor of transfer, the ease of access to sources of proof weighs in favor of transfer.

ii. *Availability of Compulsory Process to Secure Attendance of Witnesses*

The availability of compulsory process factor addresses the Court's ability to secure the attendance of non-party witnesses. "When there is no indication that a non-party witness is willing, the witness is presumed to be unwilling." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n. 1 (Fed. Cir. Sept. 25, 2018) (citing *AGIS Software Dev. LLC v. Huawei Device USA Inc.*, No. 2:17-cv-00513, 2018 WL 2329752, at *6 (E.D. Tex. May 23, 2018)). Thus, this factor hinges upon the inherent limits of this Court's and NDCA's subpoena power over identified third-party entities.

> A subpoena may command a person to attend a trial… only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person … (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. Proc. 45(c)(1)(A) & (B)(ii).

First, Defendant identifies the three named inventors of the asserted patents, Gurvinder Singh, Vince Laviano, and Marcos Klein. Motion at 9. Defendant further asserts that the three

named inventors reside in the NDCA, relying on Linkedin and Cellspin's website. *See* Motion Exs. 9-11. Except for Mr. Laviano, Cellspin does not controvert the location of the named inventors or the weight given to this factor. *See* Response. Therefore, Gurvinder Singh and Marcos Klein weigh in favor of transfer. With respect to Mr. Laviano, the parties do not dispute that the potential witness is located in NDCA. What is disputed, is Mr. Laviano's willingness to participate in the trial. *See* Motion at 14; Response at 9; Reply at 6; Sur-reply at 2.

Generally, Defendant asserts that a Motion to Quash filed in previous litigation demonstrates Mr. Laviano's unwillingness. Motion at 14. Plaintiff responds by contesting the reasoning underlying the Motion to Quash and asserting Mr. Laviano's participation in depositions in the prior litigation contradicts Defendant's claim of unwillingness. *See* Response at 9; Sur-reply at 2. The Court finds that Mr. Laviano's participation in depositions in a prior litigation does not indicate willingness for the instant case. Nor is the Court persuaded to rely on a Motion to Quash in prior litigation to find unwillingness for Mr. Laviano. Absent an indication of willingness, the Court assumes that Mr. Laviano is an unwilling witness. *See In re HP*, No. 2018-149, 2018 WL 4692486, at *3 n. 1 (Fed. Cir. Sept. 25, 2018). Therefore, Mr. Laviano as a resident of NDCA and within the subpoena power of NDCA would weigh in favor of transfer.

Second, Defendant further identifies a patent prosecutor located in New Jersey, Sigma employees and Synapse employees located in Washington, STMicroelctronics employees located in Portland and Italy, Microchip employees located in Washington, and Nike employees located in Oregon. *See* Motion at 10-11.

Third, Defendant specifically asserts that STMicroelectronic employees Ernesto Manuel Cantone and Tim Nakonsut are within the subpoena power of the NDCA. Motion at 11, 15-16. Not contested by Plaintiff, these witnesses weigh in favor of transfer. In response, Plaintiff asserts

6

that STMicroelectronic employees, assumed to be unwilling, located in Coppell, TX weigh against transfer. Sur-reply at 3.

On the whole, this factor weighs in favor of transfer.

      iii. *Cost of Attendance for Willing Witnesses*

The convenience of willing witnesses considers both party witnesses and willing third-party witnesses. Where the distance between two districts exceeds 100 miles, "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05. As discussed above, since the briefing did not demonstrate that any of the third-party witnesses are willing, the remaining consideration for this factor is the convenience for the party witnesses.

Nike argues that Cellspin is headquartered in NDCA reducing the cost of Cellspin party witness attendance in NDCA. Motion at 7, 16. Outside of this assertion, Nike does not identify willing witnesses that were not addressed above in the compulsory process factor. *See* Motion at 16. Defendant's reliance on *Uniloc 2017 LLC* is unpersuasive since that analysis relied on the parties' specific identification of both willing and unwilling witnesses which is not present in the instant dispute. *See Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-00504-JRG-RSP, 2020 WL 3064460, at *2-*3 (E.D. Tex. June 8, 2020). Plaintiff does not identify any willing witnesses in this District. Therefore, this factor is neutral.

      iv. *All Other Practical Problems*

The fourth private interest factor addresses concerns rationally based on judicial economy. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *6 (E.D. Tex. Nov. 27, 2019); *see also Vistaprint*, 628 F.3d at 1346. Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will

weigh heavily in favor or against transfer. *Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-cv-446, 2010 WL 3835762, at *6 (E.D. Tex. Sept. 28, 2010), *aff'd In re Google, Inc.*, 412 F. App'x. 295 (Fed. Cir. 2011).

Nike relies on the prior NDCA litigation before the Honorable Yvonne Gonzalez, asserting that the prior litigation would render the NDCA familiar with the asserted patents and support judicial economy. Motion at 6-9; *Cellspin Soft Inc., v. Fitbit LLC*, Civil Action No. 4:17-CV-05928 (filed Oct. 16, 2017). However, as indicated by Nike, the accused instrumentalities in the current action, namely the Nike Adapt products, were not included in the previous action. Motion at 8-9 ("[T]he [NDCA] denied Cellspin's motion to add the Nike Adapt product line . . . ."). Further, Nike indicates that the present instrumentalities were not fully litigated in the voluntarily dismissed WDTX action. *Id.*

While precisely the same issues are not pending in different District Courts, and thus the potential for "wastefulness of time, energy, and money" is lower, this factor does still weigh in favor of transfer. *Defense Distributed v. Bruck*, 30 F.4th 414, 429 (5th Cir. Apr. 1, 2022) (citing in n.18 *Continental Grain Co. v. The FBL-585*, 364 US 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that Sec. 1404(a) was designed to prevent.").

Cellspin cites a case filed in 2022 in EDTX in which Nike was a defendant and two more cases, one filed in 2023 in the Southern District of New York and the other filed in 2006 in EDTX, in both of which Nike was the plaintiff. Response at 10-11. However, "given the fact specific nature of venue transfer analysis, it is unlikely that [Nike's] prior litigation in this District [or in

New York] would be highly relevant to the analysis in this case." *Odom v. Microsoft Corp.*, 596 F. Supp. 2d 995, 1002 n.5 (E.D. Tex. 2009).

### C. Public Interest Factors for NDCA Transfer

#### i. *Administrative Difficulties Flowing from Court Congestion*

In considering court congestion arguments, deference is given to the district court's assessment of the average time to trial data. *In re Google LLC*, 58 F.4th 1379, 1384 (Fed. Cir. Feb. 1, 2023) (citing *Planned Parenthood*, 52 F.4th at 631; *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009)) ("We do not disturb the district court's suggestion that it could dispose of the case more quickly than if the case was transferred to the Northern District of California."). Where the record does not indicate any further basis to comparatively evaluate court efficiencies, the analysis is speculative and neutral. *Id.* (citing *Genentech*, 566 F.3d at 1347). On this record, this factor is neutral.

#### ii. *Local Interest*

"[T]his factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and the events that gave rise to a suit.'" *In re Apple*, 979 F.3d at 1345 (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)).

Defendant asserts that Cellspin's presence in NDCA results in this factor weighing in favor of transfer. Motion at 17. However, Nike fails to assert any basis for which this Court could find a significant connection between the transferee venue and the events that gave rise to this suit. On the contrary, Nike asserts that the accused products and events giving rise to this suit are most closely connected to the District of Oregon. Motion at 18-19, 20. For these reasons, this factor is neutral for transfer to NDCA.

      iii. *Familiarity of the Forum and Conflict of Law Avoidance*

Defendant asserts, and Plaintiff does not contest, that the remaining public interest factors are neutral. Motion at 17-18; Response at 13.

## IV. CONCLUSION

On the whole, Defendant has met its burden of establishing that the NDCA is a clearly more convenient forum. Therefore, Defendant Nike's Motion to Transfer to the Northern District of California is **GRANTED**, and the Clerk is directed to transfer this matter accordingly.

**SIGNED this 26th day of September, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE